UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------- X

NAUTILUS NEUROSCIENCES, INC.,

                 Plaintiff,

    - against -

JAMES L. FARES,

                Defendant.



-------------------------------------------------- X

**MEMORANDUM OPINION
AND ORDER**

**13 Civ. 1078 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

       Defendant James Fares moves to stay this action by plaintiff Nautilus

Neurosciences, Inc. ("Nautilus") pending resolution of an action Fares brought in

Delaware against directors, officers, and controlling shareholders of Nautilus.

Because the issues to be decided in the two cases are not virtually identical, the

"first-filed rule" — which creates a presumption that the earlier-filed case takes

priority — does not apply.  Fares provides no other reason why this Court should

stay this action, thus his motion to stay is denied.

## II.   BACKGROUND

### A.    The 2010 Promissory Note

Fares is the founder and former president of Nautilus, a Delaware corporation with its principal place of business in New Jersey.[1]  On January 15, 2010, Fares and Nautilus signed a promissory note (the "Note"), through which Fares borrowed $75,000 to be repaid by December 31, 2012.[2]  The purpose of this transaction was to allow Fares to purchase Series A Preferred Stock in an offering from Nautilus.[3]  The Note provided for interest on the unpaid principal at a rate of 0.57%,[4] and contained an acceleration clause causing the entire balance due under the Note to become immediately payable to Nautilus if Fares should ever default.[5]

---

[1]    *See* Complaint ("Compl.") ¶ 2; Defendant's Memorandum of Law in Support of Motion to Stay ("Def. Mem.") at 1; Plaintiff's First Amended Complaint [in the Delaware action] ("Del. FAC"), Ex. C to 4/26/13 Declaration of Peyton J. Healey in Support of Defendant's Motion to Stay ("Healey Decl."), ¶ 26.

[2]    *See* Promissory Note ("Note"), Ex. A to Compl., at 1.

[3]    *See* Compl. ¶ 6.

[4]    *See* Note at 1.

[5]    *See id.* at 2.

### B.    The Delaware Action

In April 2011, Fares left the employ of Nautilus, but remained a shareholder of the company.[6]  In letters dated May 9 and 11, 2012, Nautilus issued a "Notice of Proposed Issuance of Series C Preferred Stock," granting Fares the option to purchase up to his proportionate share of new stock.[7]  Fares did not purchase Series C shares under the offer.[8]  Instead, he filed suit on November 12, 2012 in the United States District Court for the District of Delaware (the "Delaware action"), alleging that the directors, officers, and controlling shareholders of Nautilus (the "Delaware defendants") breached their fiduciary duties to Fares and diluted his existing stock.[9]

### C.    The New York Action

Notwithstanding the filing of the Delaware action, the time for repayment of the Note continued to approach.  On December 19, 2012, Nautilus sent Fares a letter reminding him of the now $76,276.84 due under the Note and of

---

[6]    *See* Def. Mem. at 1; Del. FAC ¶ 30.

[7]    *See* Del. FAC ¶¶ 33-35; 5/11/12 Notice of Proposed Issuance of Series C Preferred Stock, Ex. G to 5/10/13 Declaration of Jonathan K. Cooperman in Support of Plaintiff's Opposition to Defendant's Motion to Stay, at 1.

[8]    *See* Plaintiff's Memorandum of Law in Opposition to Motion to Stay ("Opp. Mem.") at 2.

[9]    *See* Del. FAC ¶¶ 31-36, 39-40, 56.

the December 31 due date.[10]  December 31 came and went, and Fares did not pay

the amount stated in the letter.[11]  On January 14, 2013, Nautilus initiated this action

in New York State Supreme Court[12] by filing a "Motion for Summary Judgment in

Lieu of Complaint,"[13] seeking recovery of the amounts allegedly owed to it by

Fares under the Note.[14]  Fares then removed to this Court based on diversity of

citizenship,[15] and Nautilus then filed its Complaint.[16]

Before filing a responsive pleading, Fares moved to stay the instant

action.[17]  Fares claims that under the "first-filed rule," this Court should delay

consideration of the instant case until the Delaware action is concluded.[18]  He

_____

[10]     *See* 12/19/12 Letter from Nautilus to Fares, Ex. B to Compl.

[11]     *See* Compl. ¶ 10.

[12]     The Note contains a New York forum-selection clause.  *See* Note at 4-5.

[13]     *See* Notice of Commencement of Action, Ex. 1 to Notice of Removal ("Removal").

[14]     *See* Compl. ¶ 1.

[15]     *See* Removal.

[16]     *See* Compl.

[17]     *See* Defendant's Motion to Stay.

[18]     *See* Def. Mem. at 2.

argues that the rule applies here because the Delaware action will address the alleged dilution of his Series A shares, and that this dilution affects his liability to Nautilus under the Note.[19]

## III.   LEGAL STANDARD

A court "may decide in its discretion to stay civil proceedings"[20] pursuant to "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[21] "The party seeking a stay 'bears the burden of establishing its need.'"[22] When considering whether to enter a stay, "the basic goal is to avoid prejudice."[23]

## IV.   APPLICABLE LAW

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."[24]

---

[19]    *See id.* at 5-6.

[20]    *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980)).

[21]    *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)).

[22]    *Id.* at 97 (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)).

[23]    *Id.*

[24]    *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817

"'Where there are two competing lawsuits, the first suit should have priority absent

the showing of balance of convenience in favor of the second action, or unless

there are special circumstances which justify giving priority to the second.'"[25]  This

"first-filed rule" is applicable when "virtually the same issue or issues are being

decided between the same parties in the respective actions."[26]  The test for

determining whether issues are "virtually the same" is whether or not the questions

being answered in the first-filed suit would decide the second action.[27]  In this, "the

case must be the same . . . there must be the same rights asserted and the same

relief prayed for; the relief must be founded upon the same facts . . . ."[28]

---

(1976)).

[25]     *National Union Fire Ins. Co. of Pittsburg v. Las Vegas Prof'l Football Ltd. P'ship*, 409 Fed. App'x 401, 403 (2d Cir. 2010) (quoting *Motion Picture Lab. Technicians Local 780 v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir. 1986)).

[26]     *American S.S. Owners Mut. Prot. & Indem. Ass'n v. LaFarge N. Am., Inc.*, 474 F. Supp. 2d 474, 486 (S.D.N.Y. 2007).

[27]     *See United States v. Haytian Republic*, 154 U.S. 118, 124 (1894) ("[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum was the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.").

[28]     *Id.*

Formulated another way, the question is "whether the evidence necessary to prove one cause of action would [also] establish the other."[29]

## V.   DISCUSSION

Fares's only argument in favor of staying this action relies on the applicability of the first-filed rule.  Thus, the only question is whether the issues in the Delaware action and the New York action are "virtually the same."[30]  Because they are not, the rule does not apply and this action should not be stayed.

In support of his argument that the first-filed rule applies, Fares claims that the issuance of Series C shares diluted his Series A stock, that the question of dilution — if answered by the Delaware action — has preclusive effect on this case, and that the alleged dilution affects his liability under the Note.[31]  Fares argues this last point by asserting that the dilution of his Series A shares destroyed the consideration he received for the Note.[32]

---

[29]     *Id.* at 125.

[30]     *National Union*, 409 F. App'x at 403.

[31]     *See* Def. Mem. at 5-6.

[32]     *See* Defendant's Reply in Support of Motion to Stay ("Reply") at 2.  It is also worth noting that this argument need not be considered by this Court, as it was improperly first made in a reply brief.  *See Ernst Hass Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999) ("[N]ew arguments may not be made

The alleged breach of fiduciary duties by the Delaware defendants does not negate consideration or otherwise serve to invalidate the Note. The consideration contemplated in the Note is the loan needed to purchase the Series A shares.[33] Fares does not contest his receipt of these shares — indeed, their alleged dilution forms the basis of the Delaware action.[34] It is well established that the adequacy of consideration "is for the parties to consider at the time of making the agreement, and not for the court when it is sought to be enforced."[35] A breach of the Delaware defendants' fiduciary duties in 2012 has no bearing on the consideration from Nautilus to Fares in exchange for the Note in 2010.[36]

Relatedly, it is plain that "the evidence necessary to prove [the Delaware] cause of action would [not] establish the [New York cause of action]."[37]

---

in a reply brief . . . ."). This Court's analysis is in response to any possibility that this consideration argument could be derived from Fares's initial papers on the motion, the relevant portion of which cites no authority whatsoever. *See* Def. Mem. at 5-6.

[33]      *See* Reply at 2.

[34]      *See id.* at 1-2.

[35]      *Mencher v. Weiss*, 306 N.Y. 1, 8 (1953).

[36]      *See* Del. FAC ¶¶ 32-36; Note at 1.

[37]      *Haytian Republic*, 154 U.S. at 125.

8

The evidence needed to establish a breach of fiduciary duty by Nautilus's directors, officers, and controlling shareholders would neither establish nor preclude liability under the Note. Because "[a]bsent fraud or unconscionability, the adequacy of consideration is not a proper subject for judicial scrutiny,"[38] a showing of dilution alone would be insufficient to destroy adequate consideration for the Note — additional facts must also be proved.

In sum, Nautilus's attempt to collect a debt does not arise from the same dispute as the Delaware action — the Note was signed in 2010, while the alleged dilution did not occur until 2012.[39] As discussed above, an alleged breach of fiduciary duties by directors, officers, and controlling shareholders does not substantially overlap with the underlying corporation's attempt to collect a debt, even when the consideration for that debt is the same shares allegedly diluted by the fiduciaries' breach. Accordingly, the first-filed rule does not govern the relationship between this case and the Delaware action, and Fares raises no other reason why this action should be stayed.[40]

---

[38]    *Apfel v. Prudential-Bache Sec. Inc.*, 81 N.Y.2d 470, 476 (1993).

[39]    *See* Note at 1; Del. FAC ¶¶ 32-36.

[40]    *See* Def. Mem.

## VI.   CONCLUSION

For all the reasons set forth above, Fares's Motion to Stay is denied.
The Clerk of the Court is directed to close this motion (Docket No. 19).  A
conference is scheduled for July 11, 2013, at 5:00 PM, in Courtroom 15C.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            June 14, 2013

10

- Appearances -

**For Plaintiff:**

Jonathan J. Cooperman, Esq.
Jessica L. Klarfeld, Esq.
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178
(212) 808-7800
jcooperman@kelleydrye.com

**For Defendant:**

Peyton J. Healey, Esq.
Powers Taylor LLP
8150 N. Central Expressway, Suite 1575
Dallas, TX 75206
(214) 239-8900
peyton@powerstaylor.com

Eric M. Eusanio, Esq.
Frenkel Lambert Weiss Weisman & Gordon LLP
One Whitehall Street, 20th Floor
New York, NY 10004
(212) 344-3100
EEusanio@flwlaw.com